Vinson versus I guess it's Koch Foods, but I'm not sure So, um, I guess Miss Walker will appear on the same screen that Miss Barlotta's appearing on. So I guess we then we have all counsel. Good to see you, Miss Walker. Now I feel more comfortable about this. Keeping her social distance. I appreciate that. So we'll hear for the appellate first. Good morning. May it please the court. My name is Charles Greer and I, along with Heather Leonard, represent the appellate Maria Vinson in this appeal. There are two issues that we raise on appeal. One relates to the district court's decision that plaintiff had not established a Batson challenge. And the second is the court's denial of appellants motion for a new trial based upon defense counsel's improper conduct during the trial. Unless the court has other preferences, I'd like to focus first on the improper conduct issue on appeal when reviewing the denial of a new trial on the grounds of conduct by counsel. The appellate court has to look to the entire argument, the context of the remarks, the objections that have been raised, and the curative instructions that were given to determine whether the remarks were such as to impair gravely the calm and dispassionate consideration of the case by the jury. The Supreme Court in the United States, I apologize this was not cited in our brief, is at 328 U.S. 750 from 1946. And then in that case, the Supreme Court said when looking at this issue about such a motion, the question is not whether the jury got it right in their judgment. We're not really here to see if their judgment is correct or not. The issue is what effect did the error have or reasonably may be taken to have had upon the jury's decision? And the crucial thing to look at is the impact of the thing that was done on the minds of the jurors in their total setting. And the focus... Wouldn't you have an easier argument on this point if the defense had introduced Exhibit 57 rather than the plaintiff? Perhaps, but it's appellate's position that Exhibit 57 at best only identified Mr. Birchfield as a party. It did not say anything either on the heading of that case or in its context identify the particular claims that were brought against Mr. Birchfield or what happened to those claims, the resolution of those claims. So that the fact that Mr. Birchfield may or may not have been a party, one that wasn't even covered in the motion in limine. The court's motion in limine specifically referenced how claims were... About claims or parts of a claim, which had been voluntarily dismissed or dismissed by the even though Exhibit 57 went into the record and may have identified very generically that Mr. Birchfield was one of the multiple defendants. And of course, there were other defendants in addition to Mr. Birchfield that had been dismissed out. That document did not with it. So if I'm defense counsel and that's come in and I'm now worried about what a jury might think about that. The jury now has been informed there was once another defendant here. It was Mr. Birchfield. And they might find that the district court has entered a judgment in favor of Mr. Birchfield or that there's been a settlement with Mr. Birchfield. And it could be that that kind of speculation on the part of the jury about why is it Mr. Birchfield was once a party and has not been is no longer a party. Evidence that you have put in front of the jury is something that as a defense lawyer, I'm now worried about explaining so that my client's prejudice about that. Do you see that perspective? Yeah. And I understand that. And that certainly was an option when that first exhibit was introduced and Miss Leonard asked for a sidebar with the court and discussed that question and said, we can deal with this with a corrective instruction or Miss Barlotta could very easily during cross examination of Mr. Birchfield ask him very specific questions. Were you once a defendant? Sans would have been yes. Have you been dismissed out? The answer could have been yes. The judge could have given an instruction that said the fact that he is was formerly a defendant is of no merit to whether or not discrimination occurred in this case. Did you request that instruction? Pardon me? Did you request that instruction? Um, I believe I believe they did request an instruction during the first conference. Uh, there was certainly after after after the testimony came in, did you request a limiting instruction after the second testimony come in the testimony about race discrimination and that he was the prevailing party? There was a request for a corrective instruction and the it may compound the problem. Okay. And in fact, um, under Gonzalez versus Batmaison, um, again, um, judge prior and unpublished opinion in which you were on the panel, uh, at 7 34 federal appendix 6 77 2018. The panel there recognized the importance of giving a curative statements. It's actually part of the standard for appellate review is what was the curative statement. And in that case, the court recognized that by not giving the curative statement, the court actually amplifies the comment and gives the impression that the court agrees with the comment, uh, and that somehow is sanctioning it. Um, and indeed, when we look at not the first question, but was he a party that may or may not have raised questions in the mind of the jurors that could easily have been taken with, uh, taken care of in a corrective instruction, an instruction, a jury instruction at the end of the trial, uh, easily taken care of. But when the comment is you were sued for race discrimination, yes. And you were dismissed. Yes. Um, and then no objection to those questions, right? Pardon me. I mean, there were three questions that were asked, um, that they asked Vincent about that. None of no objection to any of those three questions, right? The objection only comes later when when they move the district to take judicial notice. Your honor, I think the problem with that question of timing is just a problem of reading a transcript and not realizing what was going on there at the time. As the question, that's why we require parties to make records. So it's more apparent to us. And as the questions are being asked, Ms. Haynes was standing up to make her an objection so that when the court says, do you have an objection? She's responding to Ms. Haynes standing to make her objection. Yeah, but that's, that's after there's been a motion to take judicial notice and the court then asked, do you have any objections? My point is there were three questions asked before that where there was no objection. Yeah, and that's what the record appears to say. I would say it's hard to say contemporaneously what's going on in the courtroom as the court reporter is trying to get the words that are spoken. Court reporter is not entering into the record. Ms. Haynes is standing to make an objection. But even if there was no objection, then that just means this court applies a clear standard because the clear error standard would apply where there's no objection. And then in this instance, the statement that was made by Ms. Barlotta in front of the jury, asking the court to take judicial notice that Mr. Birchfield was a prevailing party was so harmful that it could not be corrected. That statement alone requires a mistrial. It could not be undone. There's no reason, evidentiary reason for that comment ever to be made. It's not relevant to any issue in the case at all. Whether Mr. Birchfield was a prevailing party or not for technical reasons, it doesn't establish that Cook Foods is not liable. Do you have any sense of what Cook Foods was trying to accomplish by asking the court to take judicial notice of that fact? Yes. I think that what they were doing is they had earlier filed a motion saying that because of the dismissal, the voluntary dismissal of Mr. Birchfield by Ms. Vinson, that that was issue preclusion with regard to Cook Foods. And the technically it doesn't meet the standard of issue preclusion because it was a voluntary dismissal. There was no judgment, no determination of any issue other than he was dismissed. So that for issue preclusion, you'd have to say exactly what issue was found by the court and there was no issue. They lost. Let me ask you a question, Mr. I understand your point about that. You said a when counsel said in asking the court to take judicial notice that Mr. Birchfield was a prevailing party, that that was in essence, she said, ineradicable and that the district court should have declared a mistrial. Was there a motion for mistrial made at that point? Yes, there was a for mistrial that was made during the objection and it was denied. I thought the issue that you had raised on appeal was that after the trial, you moved for a new trial and that that's what we were being asked to evaluate. We also moved for a mistrial and I apologize if that wasn't clear, but we were also arguing that the court erred by not granting our motion for a mistrial or our motion for a new trial. Essentially, by just asking the court to take judicial notice of an order that the court herself had entered, the court knew what the order was. It was an attempt to make the judge a witness in the case and to vouch for the defendant's position. That was improper. Okay, my time is up. You saved a few minutes for a rebuttal. Yes, Ms. Barlotta. You're muted, Ms. Barlotta, so you're going to need to unmute. May it please the court. My name is Rachel Barlotta. I represent Cook Foods of Alabama, LLC, along with Marion Walker and I will be addressing the Baxton issue that was raised by Ms. Walker. Ms. Walker will be addressing the remaining issues. Cook Foods agrees that Ms. Benson was entitled to a fair trial in front of a jury that was selected in a non-discriminatory process and that is exactly what she received. Her burden today is high. It's her burden to show that the district court committed clear error when it overruled her Baxton challenge. She has failed to carry that burden. First of all, she did not establish a prima facie case. A party's authorized use of peremptory strikes against members of one race is not standing alone sufficient to establish a prima facie case and that's all that Ms. Benson has argued. She cites the Ochoa Vasquez case, which is instructive because in that case this circuit set forth the factors that a district court can consider as to whether or not there's been a pattern of discriminatory strikes. But none of those factors have been shown by Ms. Benson. As applied to this case, those factors would be one, was there an all-white jury? Ms. Benson has not established that. She's not argued that. Two, did cook foods remove all African-Americans from the venire? Ms. Benson has not established that. She has not argued that. Three, did the racial composition of the venire, was it significantly different than that of a jury? Ms. Benson has not argued that. She has not established that. Her prima facie case is further undercut by the fact that there were three African-Americans elected to serve on the jury, a factor which this court has noted is significant and tends to show the paucity of such a batsman challenge. Even if Ms. Benson had established a prima facie case, she's still failed to carry her burden to prove purposeful discrimination. She has not disputed that cook foods articulated racially neutral reasons for all of its peremptory strikes. She only urges a pretext argument on this court. As to juror Green, she argues that there was a Caucasian male who cook foods should have struck because he had criminal misdemeanors. The problem with that argument is she's comparing apples and oranges. Cook foods never asserted criminal history as being a reason that they struck juror Green. It was only because of the debt collection actions and the fact that she had, Ms. Green, sued a co-worker that we felt would make her more biased in favor of Ms. Benson. As to juror Lawhorn, the only other strike that Ms. Benson takes issue with, she does not identify a comparator. Rather, what she says is that the reason that she was a workers' compensation claimant isn't good enough. But as the Supreme Court recognized in Batson, a peremptory strike does not have to rise to the level of a four-cost challenge. And so at the end of the day, Ms. Benson has not shown that there was clear error, that the district court's view of the evidence and the totality of the circumstances was fair. And that's why this court has stressed again and again that deference has to be given to the trial court, particularly... I'm sorry to interrupt you, counsel, but I've got a question. Isn't Batson a three-step process with first the prima facie case, then the non-discriminatory explanation for the strike? And at that point, isn't there a third step where the district court is to consider all of the evidence and explain whether it thinks that the strike was made for discriminatory reasons? Yes, Judge, that is absolutely correct. And then the district court did that in this case. So the challenge was made. She asked the defendants, the Cook Foods, for our response. We made a response. She then went back to Ms. Benson to hear her arguments as to whether or not she was going to rebut any of the reasons. Then after she considered all of that, all of the arguments together, she then made a ruling that we had articulated a legitimate non-discriminatory reason that she credited, and she overruled the Batson challenge as to both of the jurors raised by Ms. Benson. So you do read the district court as crediting that explanation rather than merely recognizing that it had been offered. Yes? Yes, because she only made that decision after she gave Ms. Benson the opportunity to rebut those reasons. So she took all of that into consideration before she made her ruling. And in those cases in which this court has been critical of district courts for failing to do that, it's because the district court either didn't give the party making the Batson challenge a chance to respond to the reasons offered, or they were cut off from Ms. Berlotta. There was a reverse Batson challenge too that your client made, right? That's correct, Judge. And the district court overruled that objection as well, right? That is correct. Yes, and that's because Ms. Benson struck all white males from the jury, and so we made that challenge, and she articulated reasons which the district court apparently credited and overruled. And again... It treated the Batson challenges by both sides alike. Well, yes, she found that both sides had articulated legitimate non-discriminatory reasons, which she found to be credible, and that each side had not engaged in purposeful discrimination in striking the jury. And that is why this court has said that the district court should be granted such high deference at that final stage, because it is a fact-finding. Only the district court is in a position to see the body language, the tone, the demeanor of the lawyers and of the jurors, which was particularly important as to Juror Lawhorn, because when we asked her about her workers' compensation claim, she equivocated. That doesn't come through on the transcript, but it was apparent to everyone in the courtroom, which is why it was echoed by Ms. Benson's counsel, that when she responded to my questions about how her employer had handled the claim, that she said, well, there was, quote-unquote, a few hiccups, is what her response indicated. So that is the deference that the district court is due to be given. And under the evidence in the record, Ms. Benson has failed to show clear error and the district court is due to be affirmed. Okay. I think we understand your argument. Ms. Walker. If you please the court, I'm Marion Walker for Cook Foods of Alabama, LLC. I'm here to address the issue of the denial of the new trial brought by Ms. Benson. The state, the judge ruled that there was not sufficient evidence to show that there had been any denying the new trial. Plaintiff, I'm sorry, Ms. Benson's representation that the judge did not offer a curative instruction is incorrect. She simply refused to give the punitive instruction plaintiff requested, which was to shame Ms. Barlotta in front of the jury and say she'd violated an order of the court, which the judge denied had occurred. What did the district court give as a curative instruction, Ms. Walker? Your Honor, she did not give a curative instruction, but made plain that she was open to giving one. The plaintiff's request for instructions were simply not appropriate. One was, Ms. Leonard wanted the court to tell the jury that they had dismissed Mr. Burchfield for a strategic decision. Well, the judge said, you can argue that, but they didn't choose to do that. And as a matter of fact, the whole question of whether there was an instruction goes to this point. The objection, which was a mistrial, claim for mistrial, came after a question having to do with a dismissed party, which was not covered by a motion in limine. There was no objection to the question of whether or not the claim of race discrimination was dismissed. No objection. So that's a determination to be determined about plain error. But the plaintiff hasn't shown plain error. So when there was a motion for judicial, for the district court to take judicial notice, what was the point of that? So to take judicial notice of what? Well, the entire request was that the court take judicial notice that David Burchfield had been dismissed and was a prevailing party. Okay. Now, we submit to the court, the jury would not necessarily have known what a prevailing party was. Right. But if there were some prejudice, which Ms. Vinson has not shown, or that the jury took that into consideration in any respect, but had they wanted to back up. I just want to make sure I understand that the court didn't do that, though, did it? Correct. She did not. In fact, she made plain that she would not take judicial notice. But we will admit she did that at sidebar. Plaintiff did not take the opportunity to make that ruling in front of the jury, which is another curative move they could have asked for, but did not. Plaintiff could have argued in closing argument that they had taken this action as a strategic thing to keep the trial moving. But they did not. In fact, what's happened here is plaintiff didn't take any action and and blames everybody else for her failure. And the defendant did this or that. But in fact, bringing up plaintiff's exhibit 57 opened the door and the judge found it did. And significantly, the judge found and there has been no abuse of discretion, but she found that the plaintiff even acknowledged that using that and doing so proceeded to not only introduce the document, but to take testimony on it. A whole lot of testimony, frankly, that was an attempt to impeach David Birchfield and by Association Cook Foods. So I want to make sure I understand something, Ms. Walker. So it seems to me the jury hears testimony that Mr. Birchfield had been a party and has been dismissed. Yes. I don't see how there can be much prejudice about that. Cook Foods asked the court to take judicial notice of him being a prevailing party. The district court doesn't do that. Is that right? That's right. And the district court instructs the jury that whatever lawyers say is not evidence. She had already done that. Yes. So if I'm just trying to evaluate, you know, what came in that would have been harmful in the minds of the jury to the plaintiff, is that everything that we have here that the jury would have heard? That is everything that we have here, Judge. Okay. And as a result, we did not on the Cook Foods part, there was no further mention of that line of questioning. There was no argument on it. It lasted less than a minute and it was followed by the defendant's case, the plaintiff's rebuttal, closing argument. No mention of it in closing? No mention of it in closing? No mention at all in closing. Okay. And there was no request by plaintiff to give a final instruction of any kind regarding that brief questioning. So at the end of the day, even if plaintiff had shown some that there was error or that it was plain, she has failed to show any substantial interest was affected or certainly that the integrity of the proceedings were maligned. And we advocate that she did not properly preserve this argument for appeal. If she did, she certainly did not question. Thank you. Thank you, Ms. Walker. We always appreciate time being returned to us. Mr. Greer, you're muted. So if you'll unmute. Yes, there I am. Thank you, Your Honor. Return to staying on the new trial motion. The fact that the judge did not give a corrective instruction or any instruction, in fact, said nothing after the comment about Mr. Birchfield being the prevailing party. Well, wait a minute. I want to make sure I understand this. Cook Foods asked the court to take judicial notice of him being a prevailing party, but the district court didn't do that. And the jury would not have heard the district court agreeing with that. In fact, the district court made no response in front of the jury, so left that question just hanging out there and did not provide any kind of curative instruction to the jury about what that would even mean and that they should disregard the comment of counsel at the time it was given. You said that you would request a limiting instruction. Can you be very precise with us what the limiting instruction was and where we can find that request in the record? Yeah, the limiting instruction request is going to be in the same place right after the question is asked. It's in the discussion at the sidebar. I don't have the exact volume section, but I can get that for you. So it's going to be somewhere between 328-15 and 328-3, somewhere in there. Yeah, somewhere in there. And I believe the jury instruction was that, given we wanted an instruction that Ms. Barlotta's comment was improper. You want to hear it. Or improper in a violation. Hold on. Let's try to clarify it as a question. I'm looking at the transcript. They wanted an instruction that she violated the court order. Can we have an instruction to the jury, Ms. Barlotta's comments were improper in a violation of the court order? Judge Choflat, you're muted somehow. Go up to the corner, Judge Choflat, of the screen. There you go. Okay. What I was saying is that on page 330, this is Ms. Haynes. Can we have an instruction to the jury that Ms. Barlotta's comments were improper in a violation of the court's order? Yes, that's right. And the court. But no request that all the district court instruct the jury was that they should disregard that comment. That it was a violation of the court order and the court denied that motion. That was the motion made. Right. And then there's some comment about the motion in limine. And then the court says, well, I'm not going to take judicial notice of it. I'm not. So the jury hears this? Wait, wait, wait. The jury hears that? No. The jury's out? This follows from the very next page. I'm not going to take judicial notice of it. I'm not going to take judicial notice of the fact that it was an adjudication on the merits. Move on to your next question. I think at this point, if we comment on it any further, it would be a bigger problem for the plaintiff. So just move on. So any other opportunity to say, well, how about a curative instruction? Again, that comments made by lawyers are not evidence. It should be disregarded. The court says, I think we should just move on so it doesn't cause any more harm to the plaintiff. But the recognition is it caused harm to the plaintiff. Again, the comment was being made that he had prevailed. And I think a jury can understand what that means. I see my time is up. I just ask that the court reverse the district court's decision to deny the new trial and the Batson challenge and send the case back for a new trial. OK, thank you. Thank you. We have your case.